UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG SLEET,

    Plaintiff,

v.

    Civil Case No. 14-12391
    Honorable Linda V. Parker

UNKNOWN ERBSKORN,
SERGEANT GORDON, and
UNKNOWN ROHRIG,

    Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  Introduction

Plaintiff Craig Sleet ("Plaintiff"), presently confined at the G. Robert Cotton Correctional Facility in Jackson, Michigan, has filed a civil rights complaint against Defendants pursuant to 42 U.S.C. § 1983.  Defendants are employees of the Michigan Department of Corrections working at the G. Robert Cotton Correctional Facility (hereafter "facility").  For the reasons that follow, the Court is summarily dismissing Plaintiff's Complaint.

### II.  Factual and Procedural Background

Plaintiff claims that Defendant Erbskorn, a corrections officer at the facility, ordered Plaintiff to go to the control center for a parole board interview on April

24, 2014.  (Compl. ¶ 7.)  Defendant Erbskorn informed Plaintiff that if he failed to comply with the order, he would receive a misconduct ticket for disobeying a direct order.  (*Id.*)  Plaintiff then presented Defendant Erbskorn with a form reflecting that Plaintiff had waived his right to attend his parole board interview and he refused to go.  (*Id.* ¶ 8.)  In response, Defendant Erbskorn issued Plaintiff a misconduct ticket.  (*Id.* ¶ 9.)

Defendant Rohrig, a resident unit manager at the facility, subsequently found Plaintiff guilty of the misconduct and gave him three-days loss of privileges as punishment.  (*Id.* ¶ 10.)  Plaintiff filed an appeal.  On May 16, 2014, Lieutenant Utter reversed Defendant Rohrig's decision and found Plaintiff not guilty of the misconduct.  (*Id.* ¶ 12.)

Plaintiff asserts that Defendant Gordon is responsible for overseeing staff at the facility who are under his authority and for reviewing misconduct reports.  (*Id.* ¶ 3.)  Plaintiff claims that Defendant Gordon was authorized to dismiss the misconduct at any time of review, but did not.  (*Id.* ¶ 13.)

In his Complaint, filed June 18, 2014, Plaintiff claims that Defendant Erbskorn violated his due process and liberty interest rights under the Fourteenth Amendment by issuing the misconduct ticket.  (*Id.* ¶ 14.)  Plaintiff claims that Defendants Gordon and Rohrig engaged in deliberate indifference in violation of

2

the Fourteenth Amendment by failing to "curb the situation" at the original hearing and proceeding with the misconduct charge. (*Id.* ¶¶ 15-16.)

Plaintiff seeks monetary and injunctive relief.

### III. STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), the district court is required to screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must sua sponte dismiss the complaint, or any portion of the complaint, that it determines is frivolous, malicious, or fails to state a claim upon which relief can be granted, or where the plaintiff seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). When reviewing a pro se complaint, the court must construe the pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978).

## IV.  DISCUSSION

Plaintiff's Complaint is subject to dismissal pursuant to § 1915A because he fails to state a claim upon which relief can be granted.  "The Due Process Clause does not protect every change in the condition of confinement having a substantial adverse impact on the prisoner."  *Guile v. Ball*, 521 F. App'x 542, 544 (6th Cir. 2013) (citing *Sandin v. Conner*, 515 U.S. 472, 478 (1995)).  The Supreme Court has held that a liberty interest may be implicated by certain forms of discipline, such as the loss of good time credits.  *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).  However, the Court has held that other forms of discipline do not implicate the Due Process Clause unless they "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.  The Sixth Circuit has elaborated:

> Although the indefinite confinement of a prisoner to administrative segregation, *see Harden-Bey v. Rutter*, 524 F.3d 789, 792 (6th Cir. 2008), or the transfer to a type of maximum security facility with virtually no sensory or environmental stimuli, *see Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), can create liberty interest due to its "atypical, significant deprivation," a simple transfer, issuance of a major misconduct ticket, and a higher security classification does [sic] not trigger a liberty interest.  *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009); *Thompson v. Mich. Dep't of Corrs.*, 25 F. App'x 357, 358 (6th Cir. 2002).

*Guile*, 521 F. App'x at 544 (citations omitted).

4

The issuance of a misconduct ticket to Plaintiff and his loss of three days of privileges do not demonstrate a liberty interest or an atypical, significant deprivation to support his due process claim.  *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004) (concluding that sanction imposed on a state inmate, including 14-day loss of privileges, did not deprive the inmate of a liberty interest protected by due process).  Further, although plaintiff was initially found guilty of the misconduct, he was subsequently found not guilty of the misconduct at a rehearing.

Plaintiff additionally alleges that Defendants Gordon and Rohrig engaged in deliberate indifference in violation of his Fourteenth Amendment rights.  Because the Court has found that Plaintiff fails to state a claim to support a violation of his due process rights, his deliberate indifference claim also fails.  In other words, Defendants Gordon and Rohrig cannot be found to have been deliberately indifferent to a violation of Plaintiff's constitutional rights where there was no such violation.

For the above reasons, the Court is summarily dismissing Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.  Because Plaintiff's Complaint against Defendants lacks any arguable basis in the law, the Court further certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See* 28

5

U.S.C. § 1915(a). Stated differently, it would be inconsistent for this Court to determine that Plaintiff's Complaint was too frivolous or meritless to be served upon Defendants, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would be undertaken in good faith so as to permit such an appeal.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A;

**IT IS FURTHER ORDERED**, that any appeal taken by plaintiff would not be done in good faith.

s/ Linda V. parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: August 15, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 15, 2014, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager